JUDGE GARDEPHE

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Yu Shi, Esq. (YS 2182)
275 Madison Ave., 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: yshi@rosenlegal.com

Counsel for Plaintiff



14 CV 2900

RECEIVED APR 23 2014 U.S.D.C. S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANYA SALLUSTRO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>CANNAVEST CORP., MICHAEL MONA, JR., BART P. MACKAY, THEODORE R. SOBIESKI, EDWARD A. WILSON, AND MICHAEL MONA, III,<br><br>Defendants. | CASE No.:<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

1

Plaintiff Tanya Sallustro, individually and on behalf of all other persons similarly situated, by her undersigned attorneys, for her complaint against Defendants, alleges the following based upon personal knowledge as to herself and her own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through her attorneys, which included, among other things, a review of the Defendants' public documents, United States Securities and Exchange Commission ("SEC") filings, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased the common stock of CannaVEST Corp. ("CannaVEST" or the "Company") between May 20, 2013 and April 3, 2014 (the "Class Period"), inclusive, seeking to recover damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j (b) and 78t (a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4.      Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b) as a substantial part of the conduct complained of herein occurred in this District.

5.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased CannaVEST common stock at artificially inflated prices during the Class Period and has been damaged thereby.

7.      Defendant CannaVEST Corp. is a Delaware Corporation that manufactures, markets, and sells products containing industrial hemp-based compounds, including cannabidiol (CBD), one of the cannabinoids found in hemp. During the Class Period the Company's stock was traded on the OTC Bulletin Board under the symbol "CANV."

8.      Throughout the Class Period the company was headquartered in Las Vegas, Nevada.

9.      Defendant Michael Mona, Jr. ("Mona Jr.") was, at all relevant times, the President and Chief Executive Officer of the Company. He is also a Director of the Company.

10.     Defendant Bart P. Mackay ("Mackay") has been a Director of the Company since March 14, 2013.

11.     Defendant Theodore R. Sobieski ("Sobieski") has been a Director of the Company since March 14, 2013.

3

12.     Defendant Edward A. Wilson ("Wilson") was a Director of the Company from March 14, 2013 to October 31, 2013, when he resigned.

13.     Defendant Michael Mona, III ("Mona III") has been the Vice President of Operations at the Company since July 25, 2013.

14.     Mona Jr., Mackay, Sobieski, Wilson, and Mona III are collectively referred to hereinafter as the "Individual Defendants."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of CannaVEST during the Class Period and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

16.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, CannaVEST's common stock was actively traded on the OTC Bulletin Board. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by CannaVEST or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

17. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

18. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

19. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business and operations of CannaVEST; and

(c) to what extent the members of the Class have sustained damages, and the proper measure of damages.

20. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## **SUBSTANTIVE ALLEGATIONS**

21. On May 20, 2010, CannaVEST filed its Form 10-Q for the quarter ended March 31, 2013 ("2013 First Quarter 10-Q") with the SEC. This Form 10-Q and the accompanying Sarbanes-Oxley Certification were signed by Defendant Mona Jr.

22. CannaVEST reported revenues of $1,275,000 on its 2013 First Quarter 10-Q.

23. On August 13, 2013, CannVEST filed its Form 10-Q for the quarter ended June 30, 2013 ("2013 Second Quarter 10-Q") with the SEC. This Form 10-Q and the accompanying Sarbanes-Oxley Certification were signed by Defendant Mona Jr.

24. The 2013 Second Quarter 10-Q reported $26,998,125 in goodwill.

25. On November 14, 2013, CannaVEST filed its Form 10-Q for the quarter ended September 30, 2013 ("2013 Third Quarter 10-Q") with the SEC. This Form 10-Q and the accompanying Sarbanes-Oxley Certification were signed by Defendant Mona Jr.

26. The 2013 Third Quarter 10-Q reported an impairment of goodwill in the amount of $26,998,125.

27. The above statements in the 10-Qs were materially false and misleading when made because they misrepresented and failed to disclose the following adverse facts, which were known to Defendants or recklessly disregarded by them:

    (a) that the Company was misrepresenting, and inflating, its sales, and,

    (b) misrepresenting, and exaggerating, its amount of goodwill.

### The Truth Comes to Light

28. On April 3, 2014, the Company filed a Form 8-K with the SEC announcing that it had misreported its financials on the Form 10-Qs for the quarters ended March 31, 2013, June 30, 2013,

and September 30, 2013, and as such, the 2013 First, Second, and Third Quarter 10-Qs could no longer be relied upon. More specifically, the press release stated, in part:

> The Company has determined that it is necessary to correct such errors because the allocation methodology used by management, resulting carrying amount of intangible assets and goodwill, and the resulting amortization cost and goodwill impairment were not in accordance with GAAP. Further, sales and cost of sales for the quarter ended March 31, 2013 were misstated. The Company will restate the Company's Quarterly Reports on Form 10-Q for the quarters ended March 31, 2013, June 30, 2013 and September 30, 2013

29. In reaction to this adverse disclosure, on April 3, 2014 shares of the Company's stock fell $7.30 per share, or more than 20%, to close at $25.30 per share.

30. On April 14, 2014, CannaVEST filed an Amended Form 8-K, stating in greater detail the misrepresentations. The Amended Form 8-K disclosed, among other errors, that:

> Goodwill was reported as $26,998,125 at March 31, 2013 and June 30, 3013 [sic], in the condensed consolidated balance sheets with an impairment of goodwill in the amount of $26,998,125 recorded in the condensed consolidated statement of operations for the quarter ended September 30, 2013. Goodwill will be restated as $1,855,512 and there will be no impairment to goodwill recorded. Therefore, as restated, goodwill will be reported as $1,855,512 on the condensed consolidated balance sheets as of March 31, 2013, June 30, 2013 and September 30, 2013.
> ...
> In addition to the adjustments to the Transaction accounting, sales and cost of sales for the quarter ended March 31, 2013 were misstated. Sales originally were reported as $1,275,000 will be restated to $1,082,375, representing a reduction of $192,625. This amount is being restated to correct an error whereby the sales value of good transferred for manufacturing was included in sales.

31. After this disclosure, shares of the Company's stock fell again, this time by $4.49 per share, or 19.5%, to close at $18.51 per share.

32.     Defendants acted with intent to mislead, or at minimum recklessness. Defendants' proffered reasons for overstating goodwill by more than 1300%, and sales by more than 17%, are simply not credible.

## Applicability of Presumption of Reliance: <u>Fraud-on-the-Market Doctrine</u>

33.     At all relevant times, the market for CannaVEST common stock was an efficient market for the following reasons, among others:

(a)     During the class period, on average, over hundreds of thousands of shares of CannaVEST stock were traded on a weekly basis, demonstrating a very active and broad market for CannaVEST and permitting a very strong presumption of an efficient market;

(b)     CannaVEST regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(c)     CannaVEST was followed by at least one securities analysts employed by a major brokerage firm who wrote reports that were distributed to the sales force and certain customers of his/her brokerage firm during the Class Period. Each of these reports was publicly available and entered the public marketplace;

(d)     Unexpected material news about CannaVEST was rapidly reflected and incorporated into the Company's stock price during the Class Period.

34.     As a result of the foregoing, the market for CannaVEST's common stock promptly digested current information regarding CannaVEST from all publicly available sources and reflected such information in CannaVEST's stock price. Under these circumstances, all purchasers of

CannaVEST's common stock during the Class Period suffered similar injury through their purchase of CannaVEST's common stock at artificially inflated prices, and a presumption of reliance applies.

## ECONOMIC LOSS/LOSS CAUSATION

35. The market for CannaVEST's common stock was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, CannaVEST's securities traded at artificially inflated prices during the Class Period. Plaintiffs and other members of the Class purchased or otherwise acquired CannaVEST's common stock relying upon the integrity of the market price of CannaVEST's securities and market information relating to CannaVEST, and have been damaged thereby.

36. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of CannaVEST's common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

37. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiffs and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false or misleading statements about CannaVEST's business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of CannaVEST and its business, prospects and operations, thus causing the Company's

common stock to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiffs and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## NO SAFE HARBOR

38. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of CannaVEST who knew that those statements were false when made.

## FIRST CLAIM
### Violation of Section 10(b) of
### The Exchange Act and Rule 10b-5
### Promulgated Thereunder Against All Defendants

39. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

40. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public,

including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase CannaVEST's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, each of the Defendants took the actions set forth herein.

41. Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for CannaVEST's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

42. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of CannaVEST as specified herein.

43. These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of CannaVEST's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about CannaVEST and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein,

and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of CannaVEST's securities during the Class Period.

44.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these Defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these Defendants enjoyed significant personal contact and familiarity with the other Defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each of these Defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

45.     Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing CannaVEST's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and misstatements of the Company's financial condition throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and

omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

46.   As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of CannaVEST's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of CannaVEST's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired CannaVEST's securities during the Class Period at artificially high prices and were or will be damaged thereby.

47.   At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding CannaVEST's financial results, which was not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their CannaVEST's securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

48.   By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

49.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

50.   This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM
### Violation of Section 20(a) of
### The Exchange Act Against the Individual Defendants

51.   Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

52.   The Individual Defendants acted as controlling persons of CannaVEST within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, agency, ownership and contractual rights, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

53. In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

54. As set forth above, CannaVEST and the Individual Defendants each violated Section 10(b), and Rule 10b-5 promulgated thereunder, by their acts and omissions as alleged in this Complaint.

55. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

56. This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: April 23, 2014                              Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

*/s/ Laurence M. Rosen*

Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Yu Shi, Esq. (YS 2182)
275 Madison Ave, 34th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax: (212) 202-3827

Counsel for Plaintiff

## Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against CannaVEST. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The CannaVEST. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

**First name:** Tanya
**Middle initial:** k
**Last name:** Sallustro
**Address:**
**City:**
**State:**
**Zip:**
**Country:**
**Facsimile:**
**Phone:**
**Email:**



REDACTED

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.
2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.
5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 03/18/2014 | 23 | 71.25 |
| Common Stock | 03/18/2014 | 27 | 71.00 |
| Common Stock | 03/26/2014 | 50 | 59..2 |
| Common Stock | 03/26/2014 | 50 | 58.03 |
| Common Stock | 03/28/2014 | 100 | 37.5 |
| Common Stock | 3/31/2014 | 50 | 39.00 |
| Common Stock | 03/312014 | 25 | 26.95 |

**Certification for Tanya Sallustro (cont.)**

7. I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below. [ ]

| | |
|---|---|
| I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate: | **YES** |
| By clicking on the button below, I intend to sign and execute this agreement and retain the Rosen Law Firm, P.A. to proceed on Plaintiff's behalf, on a contingent fee basis. | **YES** |

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 04/15/2014

*Tanya K. Sallustro* (signature)