# FEDERMAN & SHERWOOD
(An Association of Attorneys and Professional Corporations)

10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
405-235-1560
Facsimile: 405-239-2112

Reply To: Oklahoma City, OK

2926 Maple Avenue
Suite 200
Dallas, Texas 75201
214-696-1100
Facsimile: 214-740-0112

June 22, 2017

**VIA CM/ECF**
Honorable Paul G. Gardephe
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:  Letter Submitted to Provide Notice of Recent Development

*In Re: CannaVest Corp. Securities Litigation*, Case No. 14-cv-02900 (PGG), United States District Court for the Southern District of New York

Dear Judge Gardephe:

We represent Lead Plaintiff Steve Schuck ("Plaintiff" or "Schuck") in this securities class action lawsuit. This letter is sent pursuant to Rule 1(A) of the Individual Rules of Practice of Judge Paul G. Gardephe Civil Cases ("Courtroom Rules"), to notify the Court of a recent development that is relevant to this action.

Plaintiff in this action alleges that from May 20, 2013 through April 14, 2014 (the "Class Period") Defendants, including Defendant Michael Mona, Jr. ("Mona"), chief executive officer of CannaVEST Corp. ("CannaVEST" or the "Company"), engaged in a scheme to mislead the investing public concerning the value of CannaVEST's common stock to profit thereby in violation of Section 10(b) of the Securities Exchange Act (the "Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5(a-c). *See* Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") (Dkt. No. 61) at ¶¶2, 20-42. Plaintiff alleges the scheme was assisted by a related party, Medical Marijuana, Inc., an entity controlled by Defendant Stuart Titus ("Titus") who profited by millions through selling CannaVEST stock at inflated prices during the Class Period. *Id.* at ¶¶2, 17. In particular, Plaintiff alleges, *inter alia*, that, as part of and in furtherance of the scheme, Defendants materially overstated the value of the Company's acquisition of PhytoSphere Systems, LLC ("PhytoSphere") from Titus' controlled Medical Marijuana, Inc. and overstated the value of CannaVEST's intangible assets following the Company's acquisition of PhytoSphere. *See, e.g., id.* at ¶¶48-69.

Recently, on June 15, 2017, the SEC filed a civil complaint (the "SEC Complaint") against CannaVEST and Mona in the United States District Court of Nevada, Case No. 2:17-cv-01681. *See* SEC Complaint, attached hereto as Exhibit 1. The SEC Complaint alleges that CannaVEST and Mona violated federal securities laws, including Section 10(b) of the Exchange

Hon. Paul G. Gardephe
June 22, 2017
Page 2

Act and SEC Rule 10b-5(b), through misrepresentations made in 2013 regarding the value of the Company's assets and the value of CannaVEST's acquisition of PhytoSphere from Medical Marijuana, Inc.  Specifically, the SEC alleges that CannaVEST and Mona falsely stated that the value of the acquired PhytoSphere assets was $35 million when, in truth, as Mona has now admitted: (1) "[Defendants] have always believed that the $35 million purchase price was not a true measure of the value of the transaction"; (2) Mona believed that a $35 million valuation of PhytoSphere was "substantially inflated"; and (3) CannaVEST executives, including Mona, "were willing to accept the $35 million purchase price demanded by PhytoSphere because, ultimately, the acquisition would be funded with stock which was not trading at the time and had little value.  Ultimately, given those terms, we realized the true price to [CannaVEST] of the acquisition would be much less as our common stock had little value at the time of the purchase…."  SEC Complaint at 6 (quoting Mona).  The Court can take judicial notice of the SEC's publicly available civil complaint against Mona and CannaVEST, charging violations of federal securities laws.  *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a complaint filed in another action as a public record).

Notably, the allegations raised by the SEC are very similar to the allegations raised by Plaintiff in the current action, as discussed above.  The SEC action, and the admissions of Mona described in the SEC Complaint, directly support Plaintiff's allegations.  The Court should take the SEC action, and Mona's admissions described therein, into account in determining the sufficiency of the Complaint and Defendants' motions to dismiss (Dkt Nos. 80, 108).  *See Tellabs, Inc. v. Makor Issues & Rights,* 551 U.S. 308, 322 (2007) (in evaluating scienter, court must consider "matters of which a court may take judicial notice").

Respectfully submitted,

/s/ William B. Federman
William B. Federman (WF9124)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile:  (405) 239-2112
wbf@federmanlaw.com


cc: All Counsel of Record