UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CANNAVEST CORP. SECURITIES LITIGATION | 14 CIV. 2900 (PGG) |

**CONSOLIDATED ANSWER AND AFFIRMATIVE DEFENSES**

Defendants CannaVest Corp. ("CannaVest" or the "Company"), Michael Mona, Jr. ("Mona Jr."), Bart P. Mackay ("Mackay"), and Edward A. Wilson ("Wilson") (collectively, "Defendants")[1], by and through their undersigned counsel, answer the Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") as follows. Except as expressly stated otherwise, Defendants deny each and every allegation in the Complaint and, to the extent headings and footnotes in the Complaint could be deemed allegations, Defendants deny such allegations.

**I.   INTRODUCTION**

1.     Defendants admit that Plaintiff[2] purports to have brought a federal securities laws class action on behalf of a class consisting of all persons other than Defendants who purchased common stock during the Class Period seeking to recover damages caused by Defendants' alleged violations of Sections 10(b) and 20(a) of the Exchange Act and otherwise deny the allegations in paragraph 1.

2.     Defendants deny the allegations in paragraph 2.

---

[1] Plaintiff's claims against Theodore R. Sobieski have been dismissed. Michael Llamas is deceased. Stuart Titus has retained separate counsel.

[2] Capitalized terms are given the same meaning as in the Complaint unless otherwise defined.

3. Defendants admit that on or about January 29, 2013, CannaVest completed a transaction with PhytoSphere, whereby the Company acquired certain assets of PhytoSphere, a subsidiary of MJNA, in exchange for an aggregate payment of $35 million payable in five (5) installments of either cash or common stock of the Company. Defendants admit that the Company purchased the assets of PhytoSphere from MJNA to facilitate the adoption of the Company's business model to manufacture, market, and sell products containing hemp oil. Defendants otherwise deny the allegations in paragraph 3.

4. Defendants deny the allegations in paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief about the price of CannaVest common stock on particular dates and otherwise deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

## II.   JURISDICTION AND VENUE

7. Defendants admit that Plaintiff purports that the claims asserted arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j (b) and 78t(a)), and SEC Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) and otherwise deny the allegations in paragraph 7.

8. Defendants admit that Plaintiff purports that this Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1331 and otherwise deny the allegations in paragraph 8.

9. Defendants admit that Plaintiff purports that venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. §1391(b), as a

substantial part of the conduct complained of allegedly occurred in this District, and otherwise deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

### III. PARTIES

11. Defendants deny the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mona Jr.'s percentage ownership of Medical Marijuana, Inc. and otherwise admit the allegations in paragraph 13.

14. Defendants admit that Mackay served as a Director of the Company and otherwise deny the allegations in the first sentence of paragraph 14. Defendants otherwise admit the allegations in paragraph 14.

15. Defendants admit that Sobieski served as a Director of the Company and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. Defendants admit that Wilson served as a Director of the Company but otherwise deny the allegations in the first sentence of paragraph 16. Defendants otherwise admit the allegations in paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of paragraph 17 and otherwise admit the allegations in paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and aver that they are unable to respond because Llamas is deceased.

19. Defendants admit that Plaintiff purports to refer to Mona Jr., Mackay, Sobieski, Wilson, Titus and Llamas as the "Individual Defendants" and otherwise deny the allegations in paragraph 19.

## IV. SUBSTANTIVE ALLEGATIONS

20. Defendants admit the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23.

24. Defendants admit the allegations in paragraph 24.

25. Defendants deny that the referenced announcement was made on February 12, 2013, and otherwise admit the allegations in paragraph 25.[3]

26. Defendants admit that MJNA acquired an interest in PhytoSphere in April 2012 and subsequently sold an interest in PhytoSphere to CannaVest for approximately $35 million in cash or common stock. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27. Defendants admit that CannaVest increased the size of its Board of Directors in 2013 by appointing Mackay, Sobieski and Wilson to fill seats on the Board of Directors and otherwise deny the allegations in paragraph 27.

28. Defendants admit the allegations in paragraph 28.

---

[3] Defendants further aver that each and every allegation in the Complaint in which Plaintiff quotes financial disclosures, articles, press releases, or other documents can only be properly understood in their complete context.

29. Defendants admit the allegations in paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants admit that MJNA issued press releases during the purported Class Period that referenced CannaVest and otherwise deny the allegations in paragraph 33.

34. Defendants admit the allegations in paragraph 34.

35. Defendants admit the allegations in paragraph 35.

36. Defendants admit the allegations in paragraph 36.

37. Defendants admit the allegations in paragraph 37.

38. Defendants admit the allegations in paragraph 38.

39. Defendants admit the allegations in paragraph 39.

40. Defendants admit the allegations in paragraph 40.

41. Defendants admit the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48. Defendants admit the allegations in paragraph 48.

49. Defendants admit the allegations in paragraph 49.

50. Defendants admit the allegations in paragraph 50.

51. Defendants admit that on April 3, 2014, CannaVest issued a press release stating that the Company had determined that it was necessary to correct certain errors in its financial statements because the allocation methodology used by management was not in accordance with GAAP. Defendants otherwise deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants admit the allegations in paragraph 53.

54. Defendants admit the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants admit the allegations in paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63.

64. Defendants admit that the Company determined that it was necessary to correct certain errors in its financial statements because certain methodologies were not in accordance with GAAP and otherwise deny the allegations in paragraph 64.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65.

66. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67.

68. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68.

69. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69.

70. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73. Defendants admit that CannaVest disclosed on April 24, 2014 that 100% of its revenues from each of the first, second, and third quarters 2013 were from sales to Medical Marijuana, Inc. and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74. Defendants deny the allegations in the first sentence of paragraph 74 and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants admit the allegations in paragraph 79.

80. Defendants admit the allegations in paragraph 80.

81. Defendants admit the allegations in paragraph 81.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84. Defendants admit the allegations in the first sentence of paragraph 84 and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.

85. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants admit that Plaintiff purports that the Class Period begins on May 20, 2013, and otherwise deny the allegations in paragraph 87.

88. Defendants admit the allegations in paragraph 88.

89. Defendants admit the allegations in paragraph 89.

90. Defendants admit the allegations in paragraph 90.

91. Defendants admit the allegations in paragraph 91.

92. Defendants admit the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants admit the allegations in paragraph 94.

95. Defendants admit the allegations in paragraph 95.

96. Defendants admit the allegations in paragraph 96.

97. Defendants admit the allegations in paragraph 97.

98. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 because the term "related party disclosures" is vague and ambiguous.

99. Defendants deny the allegations in paragraph 99.

100. Defendants admit the allegations in paragraph 100.

101. Defendants admit the allegations in paragraph 101.

102. Defendants admit the allegations in paragraph 102.

103. Defendants admit the allegations in paragraph 103.

104. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 because the term "related party disclosures" is vague and ambiguous.

105. Defendants deny the allegations in paragraph 105.

106. Defendants admit the allegations in paragraph 106.

107. Defendants admit the allegations in paragraph 107.

108. Defendants deny that the referenced press release was issued on February 15, 2014, and otherwise admit the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants admit the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112.

113. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.

114. Defendants admit the allegations in paragraph 114.

115. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115.

116. Defendants admit that on April 3, 2014, CannaVest filed a Form 8-K with the SEC stating that the Company had determined that it was necessary to correct certain errors in its financial statements for the quarters ended March 31, 2013, June 30, 2013, and September 30, 2013, because the allocation methodology used by management, resulting carrying amount of intangible assets and goodwill, and the resulting amortization cost and goodwill impairment were not in accordance with GAAP; that sales and cost of sales for the quarter ended March 31, 2013 were misstated; and that the Company would restate the Company's Quarterly Reports on Form 10-Q for such quarters. Defendants otherwise deny the allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118.

119. Defendants admit that on April 14, 2014, CannaVest filed an Amended Form 8-K but otherwise deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

121. Defendants admit the allegations in paragraph 121.

122. Defendants admit the allegations in paragraph 122.

## V. APPLICABILITY OF PRESUMPTION OF RELIANCE

123. Defendants deny the allegations in paragraph 123.

124. Defendants deny the allegations in paragraph 124.

125. Defendants deny the allegations in paragraph 125.

126. Defendants deny the allegations in paragraph 126.

## VI. NO SAFE HARBOR

127. Defendants deny the allegations in paragraph 127.

## VII. PLAINTIFF'S CLASS ACTION ALLEGATIONS

128. Defendants admit that Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the Class, allegedly consisting of all persons who purchased the common stock of CannaVest during the Class Period and who were damaged thereby and excluding Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Defendants otherwise deny that allegations in paragraph 128.

129. Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

132. Defendants deny the allegations in paragraph 132.

133. Defendants deny the allegations in paragraph 133.

## **FIRST CLAIM**

134. Defendants incorporate each and every response above and below as if fully set forth herein and otherwise deny the allegations in paragraph 134.

135. Defendants deny the allegations in paragraph 135.

136. Defendants deny the allegations in paragraph 136.

137. Defendants deny the allegations in paragraph 137.

138. Defendants deny the allegations in paragraph 138.

139. Defendants deny the allegations in paragraph 139.

140. Defendants deny the allegations in paragraph 140.

141. Defendants deny the allegations in paragraph 141.

142. Defendants deny the allegations in paragraph 142.

143. Defendants deny the allegations in paragraph 143.

144. Defendants deny the allegations in paragraph 144.

## SECOND CLAIM

145. Defendants incorporate each and every response above and below as if fully set forth herein and otherwise deny the allegations in paragraph 145.

146. Defendants deny the allegations in paragraph 146.

147. Defendants deny the allegations in paragraph 147.

148. Defendants deny the allegations in paragraph 148.

149. Defendants deny the allegations in paragraph 149.

150. Defendants deny the allegations in paragraph 150.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming the burden of proof or any other burden if such burden would otherwise be on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege fraud with the requisite particularity.

### THIRD AFFIRMATIVE DEFENSE

This action should be dismissed for lack of standing and/or privity.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or repose or are otherwise time-barred.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's own negligence or other fault proximately caused or contributed to the injuries allegedly suffered by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate and has failed to exercise due diligence in an effort to mitigate Plaintiff's damages or injury.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, and/or estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the documents and other statements at issue did not contain any false or misleading statements of material fact or omissions of material fact.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not engage in a scheme to defraud and acted without scienter or any knowledge or intention to commit fraud.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any misrepresentation or omissions were not made in connection with the purchase or sale of a security.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not reasonably rely on any alleged untrue or misleading statement of fact when purchasing securities.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because no alleged misstatement or omission actually or proximately caused, in whole or in part, any diminution in the price or value of the securities at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries or damages suffered by Plaintiff were not actually or proximately caused by any act or omission of Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege any cognizable damages or injury attributable, in whole or in part, to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a cognizable claim for control person liability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the securities at issue did not trade in an efficient market.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead and cannot establish the requisite loss causation.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any economic loss.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted, at all times, in good faith and neither knew nor were reckless in not knowing that any alleged statement or omission was false or misleading.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the bespeaks caution doctrine.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants reasonably relied on the statements, representations, and opinions of accountants, auditors, and other third parties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Santa Fe* doctrine.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not suitable for class treatment under Fed. R. Civ. P. 23 or otherwise.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they have already been dismissed by any Order of this Court, including the Court's Memorandum Opinion and Order on March 31, 2018 (Dkt. No. 116).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent upon further investigation and hereby reserve all rights to assert such defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants request that this Court dismiss Plaintiff's claims with prejudice and grant such other and further relief as this Court deems just and proper.

Dated: April 30, 2018

/s/ S. Todd Neal
PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP
S. Todd Neal, Esq. (*Pro Hac Vice*)
Sean M. Sullivan, Esq. (*Pro Hac Vice*)
Eric A. Plourde, Esq. (NY-5460597)
525 B Street, Suite 2200
San Diego, California 92101
Telephone: (619) 238-1900
Facsimile: (619) 235-0398
E-mail: todd.neal@procopio.com
E-mail: sean.sullivan@procopio.com
E-mail: eric.plourde@procopio.com

MAZUREK LIPTON LLP
Henry E. Mazurek, Esq.
152 West 57th, 8th Floor
New York, NY 10019
Telephone: (212) 901-5311
Email: henry@mazureklipton.com

*Attorneys for Defendants Michael Mona, Jr., Bart P. Mackay, Theodore R. Sobieski, Edward A. Wilson, and CannaVEST Corp.*