UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CANNAVEST CORP. SECURITIES LITIGATION | Case No.: Master File No. 14 Civ. 2900 (PGG) <br><br> CLASS ACTION <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS STUART TITUS
AND THOMAS SOBIESKI'S MOTION FOR
<u>ORDER DIRECTING JUDGMENT PURSUANT TO FRCP 54(B)</u>**

Lead Plaintiff Steve Schuck ("Plaintiff" or "Schuck") submits this Memorandum of Law in Opposition to Defendants Stuart Titus and Thomas Sobieski's Motion for Order Directing Entry of Judgment in Their Favor Pursuant to FRCP 54(b) ("Def. Motion").  These Defendants' Motion should be denied.  Neither Defendant Stuart Titus ("Titus") nor Thomas Sobieski ("Sobieski") (collectively "Defendants") has met their burden of demonstrating that the entry of an immediate final judgment in their favor, as requested by their Motion, would alleviate a hardship or injustice or serve the interests of judicial administration and efficiency.

**I.    ARGUMENT**

There is a "historic federal policy against piecemeal" litigation and, therefore, "the entry of a final judgment is generally appropriate only after all claims have been adjudicated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011); *see also Hogan v. Conrail*, 961 F.2d 1021, 1024-25 (2d Cir. 1992).  Rule 54(b), Fed. R. Civ. P., however, allows the district court to use its judicial discretion to act as a "dispatcher" of a claim, but "only upon an express determination that there is no just reason for delay."[1] *Hogan*, 961 F.2d at 1025.  "In order to provide an express determination that there is no just reason for delay, the court must provide a reasoned, even if brief, explanation of its considerations, taking into account . . . both the policy against piecemeal appeals and the equities between or among the parties." *In re Vivendi Universal*

---

[1] Rule 54(b) provides, in full:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

1

*Sec. Litig.*, No. 02 Civ. 5571, 2012 WL 362028, at *2 (S.D.N.Y. Feb. 26, 2012) (internal citations omitted).

The district court's discretion in granting Rule 54(b) certification is to be used "sparingly in light of the 'historic policy against piecemeal appeals.'" *Hogan*, 961 F.2d at 1025 *(*quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)); accord *Novick*, 642 F.3d at 310. "[A]ppealable judgments under Fed. R. Civ. P. 54(b) 'should not be made routinely or as an accommodation to counsel.'" *Hogan*, 961 F.2d at 1025 (quoting *Burr v. Ambach*, 863 F.2d 1071, 1074) (2d Cir. 1988) (vacated and remanded on other grounds)). Certification under Rule 54(b) is proper "<u>only</u> where there are <u>interests of sound judicial administration and efficiency to be served</u> or in the infrequent harsh case, where <u>there exists some danger of hardship or injustice through delay</u> which would be alleviated by immediate appeal." *Hogan*, 961 F.2d at 1025 (internal citations omitted) (emphasis added). The burden of demonstrating that these circumstances exist in the present case falls on Titus and Sobieski.

### A.      Defendants Fail To Demonstrate That There Is "No Just Reason For Delay"

The party seeking Rule 54(b) certification bears the burden of demonstrating there is "no just reason for delay." *See Vivendi Universal*, 2012 WL 362028, at *3. Titus and Sobieski have wholly failed that burden.

#### 1.      Defendants Fail to Demonstrate Hardship or Injustice That Can Be Alleviated by Rule 54(b) Certification

Defendants do not articulate in their motion <u>a single hardship or injustice</u> that would be alleviated by an immediate appeal. *See Hogan*, 961 F.2d at 1025. Instead, they point to the length of this proceeding and rattle off a handful of cases where Rule 54(b) motions were granted without stating specifically how an immediate appeal could alleviate any purported hardship. This clearly is not sufficient.

If Defendants are claiming that they are prejudiced by the fact that they face the prospect of obtaining a final judgment and defending an appeal after this case is resolved in its entirety, rather than now, this is not the type of hardship or injustice that justifies Rule 54(b) certification; instead, it is the type of prejudice encountered by every defendant that has found himself in Sobieski's or Titus' situation.  *Hogan,* 961 F.2d at 1021; *In re Gentiva Sec. Litig.,* 2 F. Supp. 3d 384, 390 (E.D.N.Y. 2014).  In *Gentiva*, the court rejected a similar argument raised in that case by the plaintiffs, holding that "the so-called hardship of duplicative trials 'will arise in every multiple party suit in which one of the defendants is dismissed but must await the finality of its release until the liability of the remaining defendants has been determined and judgment has been entered.… Such contingencies arise definitionally in cases of this sort.'" *Id.* at 390 (denying Rule 54(b) motion) (citation omitted). The mere potential for duplicative trials should not by itself result in 54(b) certification, except "in the infrequent harsh case." *Id.* (quoting *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 185 (2d Cir.1978)).  Defendants Sobieski and Titus have failed to demonstrate this is that "infrequent harsh case."  *See id.*

In short, "Defendants have failed to show that a delay in certification of a partial final judgment is causing the sort of immediate hardship (such as pending default on loan agreements) that would warrant departure from the rule against piecemeal appeals." *In re Blech Sec. Litig.,* No. 94 CIV. 7696 (RWS), 1997 WL 20833, at *3 (S.D.N.Y. Jan. 21, 1997).

> **2.    Defendants Fail to Demonstrate Rule 54(b) Certification Would Serve the Interests of Judicial Efficiency**

In deciding whether to grant a Rule 54(b) certification, the district court must "take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. at 8.  "Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals."

3

*Id*. (internal citations omitted).  Defendants bear the burden of showing that "the issues are sufficiently separable to avoid judicial inefficiency" from Rule 54(b) certification. *Vivendi Universal*, 2012 WL 362028, at *2.  They have not even attempted to do so. *See generally* Def. Motion.

Judicial administration and efficiency are best served by the "normal and federally preferred practice of postponing appeal until after a final judgment has been entered, disposing of all the claims of all the parties." *Hogan*, 961 F.2d at 1026.  This preferred practice avoids burdening the appellate courts with having to hear the same parties and issues twice.  As the Second Circuit explained in *Novick*, "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." 642 F.3d at 311 (internal citations omitted).  Here, the claims that are ongoing overlap substantially with the claims against Defendants Titus and Sobieski, meaning the appellate court would end up dealing with the same issues twice. *See* Memorandum Opinion & Order (Dkt No. 116); *Curtiss-Wright Corp. v. General Elec. Co.*, at 8.

"As the Second Circuit has explained, the reason that Rule 54(b) certification is usually improper where the dismissed and surviving claims are interrelated is because 'the remaining proceedings in the district court may 'illuminate appellate review of' the dismissed claims, or because those proceedings may suggest that the dismissal should be modified as is expressly permitted by Rule 54(b)." *In re Gentiva Sec. Litig.,* 2 F. Supp. 3d at 389 (quoting *Hogan,* 961 F.2d at 1026 (quoting *Cullen v. Margiott*a, 618 F.2d 226, 228 (2d Cir.1980))).  Indeed, the Second Circuit has found that Rule 54(b) certification was inappropriate when it was possible, since one of the remaining counts was "closely related to the dismissed contract claims and stems from the

4

same factual allegations, that trial on the [remaining claim] could bring to light facts that would have a bearing on the propriety of summary judgment dismissing the other claims." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 630 (2d Cir. 1991).

Here, the claims of Titus and Sobieski are closely related to the claims against the remaining Defendants, as Plaintiff alleges that all Defendants participated in a common scheme to mislead the investing public concerning the value of CannaVEST's common stock through, among other things, related-party purchases of CannaVEST products by the Titus-controlled company Medical Marijuana, Inc. (where such related-party purchases accounted for *all* of CannaVEST's sales). *See* Consolidated Complaint for Violations of the Federal Securities Laws (Dkt. No. 61) at ¶¶2, 17, 22, 30-31, 33-41; Memorandum Opinion & Order (Dkt No. 116) at 15-16.  Discovery is just beginning into the claims against those Defendants that remain.  Evidence revealed in discovery may provide a basis for Plaintiff to amend his complaint in order to bring Sobieski and Titus back in as Defendants. *See Hogan,* 961 F.2d at 1021 ("Here, for example, it is possible that further discovery by plaintiff or further investigation by Conrail could bring to light evidence sufficient to warrant submitting claims against N & W to a jury. Were this to occur, it would be open to the district court under Rule 54(b), if no final judgment has been entered, to amend its interlocutory order accordingly."). For instance, discovery might reveal market activity, as defined by the Court in its dismissal order (Memorandum Opinion & Order (Dkt No. 116) at 31-38), which might prompt the Court to revisit its dismissal of the market manipulation claims against all Defendants, including Titus.  Or it might reveal that Titus was a culpable participant in the material misstatements, *id.* at 43-45, prompting the Court to revisit its dismissal of the Section 20(a) claims against him.  Similarly, discovery may reveal that Sobieski, a director, was involved in the day to day operations of the Company, *id.* at 20-21, perhaps causing the Court to revisit its dismissal of

Sobieski. Conversely, such evidence may inform Plaintiff that the claims against Titus and Sobieski are not sustainable, in which case Plaintiff would neither attempt to replead claims against these Defendants nor seek an appeal of their dismissal.

The situation in *In re Blech Sec. Litig.,* 1997 WL 20833 was remarkably similar to the situation here. As explained by the court:

> In this case, the claims against the Issuer Defendants are sufficiently intertwined with those against the remaining defendants that immediate appeal is inappropriate. The Section 10(b) and fraud claims that were dismissed as against the Issuer Defendants are still being litigated against the remaining defendants. The claims against all of the defendants arise out of allegations of a common fraudulent scheme to inflate the prices of biotechnology securities allegedly controlled by David Blech and his affiliates. Additional evidence acquired in the course of discovery in the action against the remaining defendants could lead this court to modify its dismissal to permit repleading against the Issuer Defendants; such modification of an order is expressly permitted by Rule 54(b). *Hogan,* 961 F.2d at 1026. Denying this motion would permit such a modification without subjecting the court of appeals to two appeals of claims against the same defendants.

*Id.*, at *2. Similarly here, any potential efficiencies the trial court would gain by entry of final judgment is cancelled out by the burden placed on the appellate court in facing the prospect of deciding multiple appeals.

The court, in *Blech,* further reasoned that:

> [T]he only efficiency gain for the district court would be that the Court of Appeals could rule on this Court's assessment of the legal sufficiency of the complaint under Fed.R.Civ.P. 9(b) as to the Issuer Defendants prior to trial, thus preventing the need for a second trial if the Court of Appeals ultimately reverses. In *Hogan,* the Second Circuit has held that a district court that granted a Rule 54(b) motion solely on the grounds that it might prevent the need for a second trial had abused its discretion.

*Id.* at *3.

While Defendants cite a number of cases in an attempt to prove their motion serves the purpose of judicial efficiency, such cases are easily distinguishable. Indeed, the court in *Gentiva* properly distinguished the cases *Roebuck v. Guttman*, 678 F. Supp. 68 (S.D.N.Y 1988) and *In re*

*Asia Pulp & Paper Sec. Litig.*, 293 F.Supp.2d 391, 397 (S.D.N.Y.2003), relied upon by Defendants.  *See Gentiva*, 2 F. Supp. 3d at 389-90 (distinguishing cases and finding directed judgment improper).  The case *In re Agape Litig.,* 274 F.R.D. 453 (E.D.N.Y. 2011) is similarly inapposite because there the court's grant of defendants' Rule 54(b) motion was based on the fact that the defendants seeking certification were banks that had not been charged with fraud and breach of duty as had the other defendants.  *Id*. at 454-55.  In contrast, this case involves Defendants who Plaintiff alleged to have committed the same violations as the remaining Defendants in the case.  Finally, *Kass v. Simon*, a case where the Second Circuit upheld the district courts granting of a Rule 54(b) certification because resolving the appeal would "obviate the risk of a second trial covering substantially the same matters," 137 Fed. Appx. 382, 384 (2nd Cir. 2005), is unpublished and, moreover, is directly contrary to <u>*controlling*</u> precedent in *Hogan*.  See 961 F.2d at 1026.

## II.     CONCLUSION

For the foregoing reasons, Defendants' motion for immediate judgment in their favor under Rule 54(b) should be denied.

DATED:  July 20, 2018                                       Respectfully Submitted


/s/ William B. Federman_____
William B. Federman (WF9124)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

*Counsel for Lead Plaintiff*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2018, a true and correct copy of the foregoing document was served on the foregoing parties:

Paul A. Reynolds
Jessica L. Mackaness
SHUSTAK REYNOLDS & PARNTERS, P.C.
401 West A Street, Suite 2250
San Diego, CA 92101
Telephone; (619) 696-9500
Facsimile: (619) 615-5290
Email: preynolds@shufirm.com
Email: jmackaness@shufirm.com

*Attorneys for Defendant Stuart Titus*

S. Todd Neal, Esq.
Sean M. Sullivan, Esq.
PROCOPIO, CORY, HARGREAVES
& SAVITCH, LLP
525 B Street, Suite 2200
San Diego, CA 92101
Email: todd.neal@procopio.com
Email: sean.sullivan@procopio.com

Henry E. Mazurek, Esq.
CLAYMAN & ROSENBERG, LLP
305 Madison Avenue, Suite 1301
New York, NY 10165
Email: mazurek@clayro.com

*Attorneys for Defendants Michael Mona, Jr.,
Bart P. Mackay, Theodore R. Sobieski,
Edward A. Wilson, Michael Mona, III,
and CannaVEST Corp.*

/s/ William B. Federman
William B. Federman