UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CANNAVEST CORP. SECURITIES LITIGATION | Case No.: Master File No. 14 Civ. 2900 (PGG)<br><br>CLASS ACTION |

# LEAD PLAINTIFF STEVE SCHUCK AND MOVANT JANE ISH'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR WITHDRAWAL OF SCHUCK AS LEAD PLAINTIFF AND SUBSTITUTION OF ISH AS LEAD PLAINTIFF

Lead Plaintiff Steve Schuck ("Schuck") and Movant Jane Ish ("Ish" or "Movant") respectfully move this Court for an Order: 1) substituting Movant Ish as Lead Plaintiff; and 2) withdrawing Schuck as Lead Plaintiff. Lead Counsel has conferred with Defendants' Counsel and have been advised that Defendants do not oppose the Motion or the relief requested.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2014, The Rosen Law Firm, P.A., the law firm that filed the initial lawsuit, filed a notice pursuant to Section 21D(a)(3)(A)(i) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(A)(i), over a national newswire, *GlobeNewswire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice.

On June 23, 2014, Steve Schuck filed a motion seeking appointment as lead plaintiff. Dkt Nos. 21-23.[1]

Pursuant to Memorandum Opinion and Order entered by the Court on March 19, 2015 (Dkt. No. 54), this Court appointed Schuck as Lead Plaintiff and approved Schuck's selection of Federman & Sherwood as Lead Counsel.

---

[1] On that same date, June 23, 2014, Ish also filed a motion seeking appointment as lead plaintiff (Dkt. Nos. 24-26, 39-40), as did others.

Schuck alleges claims on behalf of a class consisting of all persons other than Defendants who purchased common stock of CannaVest from May 20, 2013 through April 14, 2014 (the "Class Period"), inclusive, seeking to recover damages caused by Defendants' violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

On September 14, 2015, Lead Plaintiff Schuck filed a Consolidated Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint") (Dkt. No. 41). Subsequently, Defendants filed motions to dismiss and, on March 31, 2018, this Court granted in part, and denied in part, those motions by Memorandum Opinion and Order (Dkt. No. 116).

Although Schuck participated in the initiation of this case and the litigation of this case through briefing on the motion to dismiss, he has recently been unresponsive to attempts of Plaintiff's counsel to contact him. Because he has not responded to our numerous inquiries, Plaintiff's Counsel presume he is either unwilling or unable to continue serving as the Lead Plaintiff.[2] Accordingly, Movant Ish, a purchaser of CannaVest stock during the Class Period, wishes to replace Schuck as Lead Plaintiff. A copy of Ish's PSLRA Certification of Investment in CannaVest Corp. common stock is attached as Exhibit 1 to the Declaration of William B. Federman in Support of Lead Plaintiff Steve Schuck and Movant Jane Ish's Unopposed Motion for Withdrawal of Schuck as Lead Plaintiff and Substitution of Ish as Lead Plaintiff ("Federman Declaration"), filed contemporaneously herewith.

---

[2] A copy of this motion has been served on Schuck at his last known address and via his last known email address.

## ARGUMENT AND AUTHORITIES

### A. Withdrawal of Schuck

Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Courts apply this rule to permit a lead plaintiff to withdraw. *See, e.g., In re Initial Public Offering Sec. Litig.*, 224 F.R.D. 550, 552 (S.D.N.Y. 2004) ("*IPO II*") (permitting lead plaintiffs to withdraw for personal reasons). Therefore, Counsel, on behalf of Schuck, requests that Schuck be withdrawn as Lead Plaintiff and Movant Ish be appointed as substitute Lead Plaintiff.

### B. Substitution of Ish as Lead Plaintiff

"Despite the absence of explicit authorization under the PSLRA or Rule 23, courts have the 'ability to consider motions to disqualify, remove, withdraw, substitute, and add lead plaintiffs throughout the litigation of a securities class action.'" *Billhofer v. Flamel Tech.,* No. 07 Civ. 9920, 2010 WL 3703838, at *2 (S.D.N.Y. Sept. 21, 2010) (quoting *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007)). "The PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws." *In re Initial Public Offering Sec. Litig.,* 214 F.R.D. 117, 120 (S.D.N.Y. 2002) ("*IPO I*"). This court, and other courts, have permitted automatic substitution of the lead plaintiff with a new lead plaintiff with proper standing. *See, e.g.*, *Billhofer*, 2010 WL 3703838, at *3; *In re Impax Labs., Inc. Sec. Litig.,* No. 04-4802, 2008 WL 1766943 (N.D. Cal. Apr. 17, 2008) (granting leave to substitute a new lead plaintiff when the former lead plaintiff was found to lack standing). This court has found that such substitution is particularly appropriate where the proposed substitute lead plaintiff filed to be lead

3

plaintiff within the original 60 day deadline, as Ish did here (Dkt Nos. 24-26).  *See, e.g., IPO I*, 214 F.R.D. 120 and n.5; *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116-17 (S.D.N.Y. 2009).

### C. Ish Satisfies the Lead Plaintiff Requirements

The PSLRA directs courts to presume, when appointing a lead plaintiff, "that the most adequate plaintiff" is the person or group of persons that:

- (aa) has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];

- (bb) in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and

- (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).

First, Ish filed a motion to be appointed Lead Plaintiff within the original 60 day statutory deadline.  *See* Dkt Nos. 24-26.

Second, Ish has standing to serve as Lead Plaintiff.  She executed an investment certificate that lists her transactions in CannaVest securities during the Class Period, which resulted in recoverable losses.  *See* Certification of Investment, attached as Exhibit 1 to the Federman Declaration.

Third, Ish satisfies the requirements of Rule 23. Only two of the Rule 23 requirements pertain to representative plaintiffs: typicality and adequacy. *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); s*ee also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings,*

*Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).  Here, Ish satisfies both the typicality and adequacy requirements of Rule 23(a), thereby justifying her appointment as Lead Plaintiff in this action.  Her claims are typical of, if not identical to, the claims of the other members of the Class, because she purchased CannaVest common stock during the Class Period at prices that were allegedly artificially inflated by Defendants' false and misleading statements and was damaged thereby. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted), *cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).  Moreover, Ish's interests are aligned with the other class members' interests in recovering damages from Defendants as a result of the alleged fraud, she has qualified counsel and she has indicated that she will protect the interests of the class.  "The adequacy requirement is satisfied where [as here]: (1) class counsel [Federman & Sherwood] is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)).

Fourth, Ish has attested to her willingness to serve as Lead Plaintiff.  Specifically, Ish has attested to her commitment to actively participate in this litigation and to represent all similarly situated investors.  *See* Declaration of Jane Ish, attached as Exhibit 2 to the Federman Declaration.

In short, because Ish meets the lead plaintiff requirements of the PSLRA and has attested to her willingness to serve as Lead Plaintiff, Ish should be substituted as Lead Plaintiff and her

selection of Federman & Sherwood to continue to serve as Lead Counsel (*see* Declaration of Jane Ish, attached as Exhibit 2 to the Federman Declaration) approved.

## CONCLUSION

For the reasons set forth above and in Ish's supporting Declaration, Lead Plaintiff Schuck and Movant Ish respectfully request that the Court enter an Order (1) substituting Ish as Lead Plaintiff, and (2) withdrawing Schuck as Lead Plaintiff.

Dated: October 10, 2018

Respectfully submitted,

/s/ William B. Federman
William B. Federman (WF9124)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2018, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ William B. Federman
William B. Federman