William B. Federman
E-mail: wbf@federmanlaw.com
A. Brooke Murphy
E-mail: abm@ federmanlaw.com
FEDERMAN & SHERWOOD
10205 N. Pennsylvania
Oklahoma City, OK 73102
*Lead Counsel for Plaintiffs*

S. Todd Neal
E-mail:   todd.neal@procopio.com
Sean M. Sullivan
E-mail:   sean.sullivan@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
*Attorneys for Defendants*

October 11, 2018

Honorable Paul G. Gardephe
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

  Re: Joint Letter Submitted in Advance of Status Conference of October 18, 2018

    <u>In Re: CannaVest Corp. Securities Litigation</u>, Case No. 14-cv-02900 (PGG), pending in the United States District Court for the Southern District of New York

Dear Judge Gardephe:

  Lead Plaintiff Steve Schuck and movant Jane Ish ("Plaintiffs") and Defendants Michael Mona, Jr., Bart P. Mackay, Edward A. Wilson, and CannaVest Corp. ("Defendants"), by and through their respective counsel of record, submit this joint letter in advance of the Status Conference, scheduled to take place on October 18, 2018, at 11:15 a.m., in Courtroom 705 of the above-referenced court.

  This action alleges claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act and pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.  By order dated March 31, 2018 (Document 116), this Court granted in part and denied in part Defendants' motion to dismiss. (Defendants Thomas Sobieski and Stuart Titus were dismissed, and Plaintiffs did not attempt to add them back into the case

Hon. Paul G. Gardephe
In Re: CannaVest Corp. Securities Litigation, Case No. 14-cv-02900 (PGG)
Thursday, October 11, 2018
Page **2** of **4**

within the time permitted by the court; as such they have not been and do not intend to participate in the trial preparation or trial of this mater, notwithstanding the fact that their motion for immediate judgment under Federal Rule of Civil Procedure 54(b) remains pending.  Titus was represented by separate counsel, Paul A. Reynolds, and Sobieski by counsel for remaining defendants. Given the dismissal of his only client in this matter, Mr. Reynolds interprets the court's order regarding the conference to not require his participation or attendance.)

On April 18, 2018 and on October 10, 2018, counsel for the parties met and conferred via telephone to discuss various issues related to this case, including scheduling and matters set forth in the Court's "Initial Pretrial Conference Checklist" and model "Civil Case Management Plan and Scheduling Order."  Following the April 18, 2018 conference, the parties filed a proposed Civil Case Management Plan and Scheduling Order.  (Document 118).  In advance of the October 18, 2018 conference, the parties have updated the proposed Civil Case Management Plan and Scheduling Order to reflect revised dates (*see* proposed Civil Case Management Plan and Scheduling Order, attached hereto as Exhibit 1).

The parties also hereby submit their Joint Rule 26(f) Report, as follows:

### Proposed Discovery

The parties intend to take discovery on issues related to Plaintiffs' claims that Defendants knowingly or recklessly made materially false and misleading statements during the putative class period, class certification issues, loss causation, damages and Defendants' affirmative defenses.  The parties have agreed to conduct discovery in fact and expert phases.

### Possible Limitations on Document Preservation (Including Electronically Stored Information)

The parties represent that reasonable steps have been taken to preserve documents relevant to the claims and defenses of this case, including the preservation of electronically stored information ("ESI").  The parties expect that relevant documents and ESI have been preserved and will be available for production.

The parties are in the process of gathering and producing documents in this action.  The parties believe they have reached agreement on issues of production scope and ESI, but if a dispute arises, the parties will seek assistance from the Court.

### Initial Disclosures Pursuant to Rule 26(a)(1)

The parties have exchanged Initial Disclosures pursuant to Rule 26(a)(1).

### Proposed Schedule

The parties have conferred and propose the deadlines provided in the proposed Civil Case Management Plan and Scheduling Order, attached hereto as Exhibit 1.

### Discovery Issues that Are Envisioned and How Discovery Disputes Will Be Resolved

The parties do not anticipate any unique discovery issues or discovery disputes at this time.  Should a discovery dispute arise, the parties will seek assistance from the Court.

Hon. Paul G. Gardephe
In Re: CannaVest Corp. Securities Litigation, Case No. 14-cv-02900 (PGG)
Thursday, October 11, 2018
Page **3** of **4**

### Changes to Discovery Limits Imposed by Federal or Local Rules

The parties do not currently believe that any changes are necessary to the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York.

### Preliminary Issues Likely to Require Court Intervention

Plaintiffs have filed an unopposed motion to substitute Jane Ish as lead plaintiff to replace Steve Schuck. (Documents 125-128). The motion, which Defendants do not oppose, is currently pending before the Court.

Plaintiffs intend to file a motion for class certification. The parties propose that the deadline to file a motion for class certification be set for March 1, 2019, with any response brief to be filed within 45 days after service of the motion, and with any reply to be filed within 30 days after service of the response.

### Other Orders Requested by the Parties Under Rules 26(c) or 16

The parties agree that a protective order is needed for the case and are working together to draft an appropriate protective order to be submitted to the Court.

### Claims of Privilege or Protection of Trial Preparation Materials

The parties do not presently contemplate any particular issue with respect to attorney-client privilege, attorney work product protection, or other privilege.

### Possibility of Coordination with the Magistrate Judge and District Judge

The parties are willing to consent to the designation of a Magistrate Judge to hear discovery issues but believe that non-discovery issues should be litigated and tried before the District Judge.

### ADR/Mediation

The parties are in the process of scheduling a formal mediation session, which is expected to take place in or around November 2018.

### Possible Amendments

Plaintiffs do not currently intend to amend the pleadings, beyond the substitution of the lead plaintiff if permitted by the Court. However, depending on the information and evidence obtained through discovery, Plaintiffs may seek to amend the pleadings to include new allegations based on such information and evidence, and Defendants reserve the rights to plead in response thereto.

### Service by Electronic Mail

The parties have agreed that discovery related documents, including discovery requests, responses, and productions, may be served through electronic mail.

Hon. Paul G. Gardephe
In Re: CannaVest Corp. Securities Litigation, Case No. 14-cv-02900 (PGG)
Thursday, October 11, 2018
Page **4** of **4**

Respectfully submitted,

| FEDERMAN & SHERWOOD | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP |
|---|---|
| By: s/ William Federman | By: s/ Todd Neal |
| William B. Federman | S. Todd Neal |
| Lead Counsel for Plaintiffs | Attorneys for Defendants |