# FEDERMAN & SHERWOOD
(AN ASSOCIATION OF ATTORNEYS AND PROFESSIONAL CORPORATIONS)

10205 N. PENNSYLVANIA AVENUE
OKLAHOMA CITY, OKLAHOMA 73120
405-235-1560
FACSIMILE: 405-239-2112

REPLY TO: OKLAHOMA CITY, OK

2926 MAPLE AVENUE
SUITE 200
DALLAS, TEXAS 75201
214-696-1100
FACSIMILE: 214-740-0112

November 7, 2018

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007

   Re: *In re: CannaVEST Corp. Securities Litigation,* Case No. 14-cv-02900-PGG

Dear Judge Gardephe:

  Lead Plaintiff Jane Ish ("Plaintiff") submits this letter to request that the Court enter an Order directing defendants' insurance carriers, XL Specialty Insurance Company and Caitlin Specialty Insurance Company (the "Carriers"), to participate in the anticipated formal mediation between the parties. The Carriers provided a primary and an excess directors and officers liability insurance coverage to defendant CannaVEST Corp. during the time of Plaintiff's allegations.

  Plaintiff and defendants have been discussing possible settlement parameters for several months and have decided that the parties should participate in a formal mediation session conducted with the oversight and involvement of an experienced neutral mediator. The mediation session is currently planned for December 6, 2018. Despite defendants' requests that the Carriers participate in the mediation, the Carriers have advised defendants that they have declined coverage and do not intend to participate (either in person or by telephone) in the upcoming mediation or in future mediations.

  Plaintiff believes that the participation of the Carriers is necessary to facilitate a meaningful and productive mediation, therefore Plaintiff requests that the Court order the Carriers to attend the upcoming mediation and any future mediations. The Court has the authority under Rule 16(a) of the Federal Rules of Civil Procedure to direct parties to attend a settlement conference or mediation. *See Negron v. Woodhull Hosp.*, 173 F. App'x 77, 79 n.1 (2d Cir. 2006) ("Although a court cannot force litigants to settle an action, it is well established that a court can require parties to appear for a settlement conference, and impose sanctions pursuant to Rule 16(f) if a party fails to do so.") (internal citation omitted). Courts have repeatedly recognized that this authority also permits the Court to direct that representatives from a party's insurance must participate in the mediation. *See, e.g., Finch v. Fashion Ave. Knits, Inc.*, No. 01 CIV 2619 JGK HBP, 2001 WL 1550865, at *1 (S.D.N.Y. Dec. 5, 2001) (court required the parties including "attorney plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier" to participate in settlement conference and issued sanctions following a party's failure to participate); *Hughes v. Lillian Golman Family, LLC*, No. 00 CIV. 2388 JGK HBP, 2000

WL 1228996, at *1 (S.D.N.Y. Aug. 30, 2000) (setting out procedures for court-ordered settlement conferences, including the requirement that "a knowledgeable representative of the [insurance] carrier should attend in addition to the insured"); *Pitman v. Brinker Intern., Inc*., 216 F.R.D. 481, 485 (D. Ariz. 2003), *amended on reconsideration in part*, 2003 WL 23353478 (D. Ariz. 2003) (sanctioning defendant and its counsel where district court ordered a settlement conference that required the presence of the insurance carrier's representative and a representative of defendant with full authority to settle the case); *Francis v. Women's Obstetrics & Gynecology Grp., P.C*., 144 F.R.D. 646, 648 (W.D.N.Y. 1992) (court issuing sanctions after it had directed defense counsel, under Fed. R. Civ. P. 16(a), to, among other things, "see that 'representatives of insurance carriers with authority to settle are present or at a minimum available by telephone, if not present'" for mediation conference).

Plaintiff has conferred with defendants, and defendants do no oppose the relief requested.

Plaintiff respectfully requests that the Court issue an order directing the Carriers to participate in the anticipated mediation session so as to facilitate a meaningful mediation.

        Sincerely,

        */s/William B. Federman*
        William B. Federman


cc:    All counsel of record via ECF